■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST REYNOLDS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 1, 1971, convicting him of possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Shapiro, Christ, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the judgment and to dismiss the indictment, with the following memorandum: Defendant was indicted on two counts for rape in the first degree and on one count of possession of a weapon as a felony. He was acquitted by the jury of the rape charges and found guilty of the weapon charge. Because the proof introduced at the trial against him included what, in my view, is an inadmissible statement allegedly made by him, I would reverse the judgment and dismiss the indictment. The proof at the trial indicated that the complainant had informed the police that defendant was to appear at the complainant's apartment, by prior appointment, early in the morning of February 22, 1970 (12:30 A.M.). When he came into the apartment, the complainant ran into a closet and defendant was arrested by the police. Defendant was given the warnings required by *Miranda* v. *Arizona* (384 U. S. 436), but the record is clear that he at the same time was screaming and yelling at the complainant, asking her what she was doing to him, and was obviously nervous and excited. The record does not establish that he understood what was being said to him, much less that he waived willingly and understandably his constitutional rights. It was in this atmosphere that defendant was asked by the police thereafter, when bullets were found in his pocket, where the gun was, and that he told them it was in the glove compartment of his automobile parked in the street. A search of the car by the police produced a revolver. Defendant denied raping the complainant and said he had known her for three weeks and had engaged three times before in sexual intercourse with her. At the least, the jury's verdict denotes that there was a reasonable doubt concerning the charges of rape and that the complainant's story was not acceptable. Defendant's conduct at the time of the arrest, as described by the police, was undoubtedly the result of shock and surprise arising out of what turned out to be a false accusation. "If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel" (*Miranda* v. *Arizona*, 384 U. S. 436, 475, *supra*). As I read the record, no proof was received which established that defendant in this moment of surprise and consternation understood the warnings or waived his right to counsel. When the warnings are imparted under circumstances that it is probable that the ordinary person would not understand them, the mandate of *Miranda* is not satisfied (cf. *People* v. *Swift*, 32 A D 2d 183, 187, cert. den. 396 U. S. 1018). As defendant's statement led directly to the disclosure of the gun, the inadmissibility of the statement rendered the disclosure and the subsequent discovery of the gun constitutionally tainted. Hence, defendant was entitled to suppression of that evidence. The judgment should be reversed and the indictment dismissed.